**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Angela Baker, et al.,

Plaintiffs,

v.

Henry Pelham, et al.,

Defendants.

No. CV-25-08259-PCT-DJH

**ORDER**

Plaintiffs Angela Baker ("Baker") and Kevin Pittsinger ("Pittsinger") (collectively, "Plaintiffs") each filed an Application to Proceed in District Court Without Prepaying Fees or Cost (Docs. 2 & 3). Upon review, Plaintiffs' Applications, signed under penalty of perjury, indicates that they are financially unable to pay the filing fee. The Court will grant Plaintiffs' Applications and allow them to proceed *in forma pauperis* ("IFP"). The Court will proceed to screen Plaintiffs' Complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2).

## I.    Legal Standard

When a party has been granted IFP status, the Court must review the complaint to determine whether the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

*See* 28 U.S.C. § 1915(e)(2)(B).[1]  In conducting this review, "section 1915(e) not only

---

[1] "While much of § 1915 outlines how prisoners can file proceedings *in forma pauperis*, §1915(e) applies to all *in forma pauperis* proceedings, not just those filed by prisoners."

permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted).

Federal Rule of Civil Procedure 8(a) requires complaints to make "a short and plain statement of the claim showing that the pleader is entitled to relief."  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, 'the defendant-unlawfully-harmed-me' accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).

A complaint is frivolous if it is based on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–30 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (dismissal is also appropriate when the facts alleged are "clearly baseless," "fanciful," "fantastic," or "delusional").  This Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 328.

The Court must accept all well-pleaded factual allegations as true and interpret the facts in the light most favorable to the plaintiff.  *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).  That rule, however, does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 678.  The Court is mindful that it must "construe *pro se* filings liberally when evaluating them under *Iqbal*."  *Jackson v. Barnes*, 749 F.3d 755, 763-64 (9th Cir. 2014) (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

---

*Long v. Maricopa Cmty. College Dist.*, 2012 WL 588965, at *1 (D. Ariz. Feb. 22, 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126 n. 7 (9th Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints[.]")).

## II.    Discussion

Plaintiffs' claims all relate to the acquisition of a search warrant and the subsequent execution of the search on Plaintiff Baker's home. (*See generally* Doc. 1). Plaintiffs allege that the warrant was obtained unlawfully, the search was conducted with excessive force, and Plaintiff Baker was wrongfully prosecuted. (*Id.*) Additionally, they allege that Plaintiff Pittsinger is an individual with a disability, who resided in a motor home on Baker's property, and during the search, Defendants failed to reasonably accommodate Pittsinger's disability. (*Id.* at ¶¶ 17–20). As a result, Plaintiffs have brought the following claims for violations of either their Fourth or Fourteenth Amendment rights or the Americans with Disabilities Act ("ADA") and the Rehabilitation Act: § 1983 claim for judicial deception (Count I); § 1983 claim for "unreasonable investigation" (Count II); § 1983 claim for trespassory search (Count III); § 1983 claim for excessive force (Count IV); § 1983 claim for "exceeding scope" of a search warrant (Count V); § 1983 claim for "failure to provide warrant" (Count VI); § 1983 claim for malicious prosecution (Count VII); and violations of the ADA and Rehabilitation Act (Count VIII). (*See id.* at ¶¶ 28–36). Plaintiffs additionally assert a *Monell* claim (Count IX) based on the Arizona Department of Public Safety's ("DPS") failure to train. (*Id.* at ¶ 36). Alongside DPS, Plaintiffs name Colonel Jeffrey Glover, Director of the DPS, as well as officers Henry Pelham, Matthew Turriff, Kyle Creager, John Gigous, Max Perea, and John Does 1–20 in their individual and official capacities as Defendants.

### A.    Rule 8

Initially, Plaintiffs do not make it clear, which claims are brought against which Defendants. Plaintiffs have listed numerous Defendants but, with the exception of Count VIII for ADA and Rehabilitation Act violations and Count IX for *Monell* claims, they do not identify which Defendants are implicated under each claim. [2]

Federal Rule of Civil Procedure 8 requires that a complaint gives sufficient facts to

---

[2] Counts I, II, and VII do not state against whom they are brought, but based on the allegations supporting the claims, it can be seen that the claims are brought against Defendant Pelham.

give a defendant fair notice of the claims against them. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Rule 8 also requires that a complaint clearly establish the claims and parties such that a defendant would have "no difficulty in responding to the claims with an answer and/or with a Rule 12(b)(6) motion to dismiss." *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1132 (9th Cir. 2008). The purpose of Rule 8 is defeated unless a complaint contains "clear and concise averments stating which defendants are liable to plaintiffs for which wrongs, based on the evidence[.]" *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Several claims in the Complaint here fail to meet these standards: Counts III, IV, V, and VI fail to specify any particular Defendant, including unnamed defendants, that the claim is brought against. (*See* Doc. 1 at ¶¶ 30–33). By not specifying which claims are brought against which Defendants and for what relief, the Court is unable to assess the viability of Plaintiffs' claims. Therefore, Plaintiffs' Count III for trespassory search, Count IV for excessive force, Count V for "exceeding scope," and Count VI for "failure to provide warrant" are dismissed without prejudice.

Moreover, to state a cognizable claim against individual defendants, a plaintiff must "set forth specific facts as to each individual defendant's" role in depriving a plaintiff of their protected rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Furthermore, liability may be imposed only if the plaintiff can allege and show that the defendant actually and proximately caused the deprivation of a federally protected right. *See id.* Here, the Complaint is devoid of any allegations as to how Officers Matthew Turriff, Kyle Creager, John Gigous, and Max Perea violated either Plaintiff's constitutional rights. In fact, with one exception, after being named as parties to this action, not a single one of the aforementioned officers is mentioned again in the Complaint. (*See generally* Doc. 1). Plaintiffs claim that Kyle Creager "initially reported 'no seizable [sic] evidence' in Trailer B." (*Id.* at ¶ 22). However, this alleged action did not deprive either Plaintiff of any constitutional right. As a result, Defendants Matthew Turriff, Kyle Creager, John Gigous, and Max Perea are dismissed as Defendants from this matter without prejudice.

Relatedly, it is true that Plaintiffs are not required to know the identity of every

defendant at the outset.  "Nonetheless, to state a claim against a Doe defendant, plaintiff must be able to pinpoint the individual who caused him harm, even if he does not know the individual's name." *Grace v. Samuels*, 2023 WL 8168823, at *4 (C.D. Cal. 2023); *Segura v. City of La Mesa*, 647 F. Supp. 3d 926, 941 (S.D. Cal. 2022) ("Plaintiff must nevertheless still allege specific facts showing how each particular [DOE] defendant violated [her] rights.") (internal quotations and citation omitted).  Indeed, "when a plaintiff has claims against an unknown defendant, the plaintiff must still meet federal pleading standards when alleging facts against such defendants." *Lomeli v. Cnty. of San Diego*, 637 F. Supp. 3d 1046, 1058 (S.D. Cal. 2022).  Despite listing Doe Defendants 1–20, Plaintiffs make no factual allegations against any specific, unnamed defendant in the Complaint, much less identify which claims are brought against them.  Therefore, the Complaint is insufficient to allow Plaintiffs to proceed against any Doe Defendants, and Doe Defendants will be dismissed from this matter without prejudice.

### B.    Remaining Claims

Presently, Count I for judicial deception, Count II for unreasonable investigation, Count VII for malicious prosecution, Count VIII for ADA and Rehabilitation Act violations, and IX under *Monell* remain in Plaintiffs' Complaint.  Counts I, II, and VII are § 1983 claims against Defendant Pelham for violations of the Fourth Amendment.  Count VIII regards Plaintiff Pittsinger and is brought under the ADA and Rehabilitation Act against Defendants DPS and Glover in his official capacity.  Finally, Count IX is a *Monell* claim brought against Defendants DPS and Glover in his official capacity.  At this time, the Court finds that Plaintiffs may proceed with Count I for judicial deception against Defendant Pelham in his individual capacity and Count VIII for violations of the ADA against Defendants DPS and Glover.  Counts II, VII, and IX are dismissed for the following reasons.

#### 1.    Count II for Unreasonable Investigation/Failure to Consider Exculpatory Evidence Against Pelham

As to Count II, Plaintiffs brings a claim under the Fourth Amendment against Detective Pelham for "Unreasonable Investigation and Failure to Consider Exculpatory

Evidence" (Count II).   (Doc. 1 at ¶ 29).   Plaintiffs assert that Defendant Pelham "unreasonable ignored readily available exculpatory facts and failed to undertake minimally adequate investigative steps before seeking a warrant[.]"  (*Id.*)  To the extent that Plaintiffs' claim is based on Defendant Pelham ignoring exculpatory evidence, the Court was unable to locate any authority that supports such a claim under the Fourth Amendment.  While caselaw says that an officer's willful failure to divulge exculpatory evidence that resulted in a plaintiff's unusually long detention can be a due process violation, *see Tatum v. Moody*, 768 F.3d 806, 819–20 (9th Cir. 2014), the Complaint is clear that Baker was not arrested (Doc. 1 at ¶ 24), so no such claim is feasible here.

To the extent that Plaintiffs' claim is based on Defendant Pelham' failure to conduct a more thorough investigation before seeking a warrant, it likewise fails.  Plaintiffs allege that Defendants "failed to undertake minimally adequate investigative steps before seeking a warrant[.]"  (Doc. 1 at ¶ 29).  However, "[o]nce he has probable cause, an officer is not ordinarily required to continue to investigate or seek further corroboration."  *Ewing v. City of Stockton*, 588 F.3d 1218, 1227 (9th Cir. 2009); *U.S. v. Thoms*, 2011 WL 87337, at *3 (D. Alaska 2011) ("An officer seeking a search warrant has no obligation to conduct a thorough investigation as to an alleged crime before seeking a search warrant to obtain evidence of the crimes being investigated.").  Consequently, Plaintiffs have not alleged a violation of Baker's Fourth Amendment rights, and Count II is dismissed with prejudice.

### 2.     Count VII for Malicious Prosecution against Pelham

"In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff 'must show that the defendants prosecuted [her] with malice and without probable cause, and that they did so for the purpose of denying [her] equal protection or another specific constitutional right.' "  *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (quoting *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir.1995)).  "Malicious prosecution actions are not limited to suits against prosecutors but may be brought, as here, against other persons who have wrongfully caused the charges to be filed."  *Id.*

Plaintiffs allege that "Baker was prosecuted without probable cause and based on

judicial deception and unlawful searches" and assert that "the criminal case terminated favorably by dismissal. (Doc. 1 at ¶ 34). Plaintiffs further allege that "Pelham's conduct violated the Fourth Amendment and proximately caused Baker's damages." (*Id.*) However, earlier in the Complaint, Plaintiffs made it clear that a "stolen-vehicle report" had been opened regarding a vehicle that was in Baker's possession. (*Id.* at ¶¶ 11–12). Although she may not have known the vehicle was reported stolen, the officers discovered Baker in possession of the vehicle reported stolen. (*Id.* at ¶ 24). By Plaintiffs' own account, the officers seized "a small amount of methamphetamine," along with the reportedly stolen vehicle. (*Id.*) Based on these allegations, the "two felonies" Baker was charged with did not lack probable cause, even if they were later dismissed. *See*, *e.g.*, *Hawkins v. Douglas Cnty.*, 2017 WL 5709568, at \*5 (E.D. Wash. 2017) ("[T]he officers discovered [the plaintiff] in possession of the stolen farm equipment, categorically demonstrating the existence of probable cause."). As a result, Plaintiffs cannot maintain their malicious prosecution claim, and it is dismissed with prejudice.

### 3. Count IX for *Monell* Violations against Defendants DPS and Glover in his Official Capacity as DPS Director

Lastly, Plaintiffs' *Monell* claim, Count IX, is brought against Defendants DPS and Glover. A municipality or other local government entity may be sued for constitutional torts committed by its officials according to an official policy, practice, or custom. *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). However, DPS is an Arizona agency, and Defendant Glover acts as its Director and the Supreme Court has rejected the argument that a plaintiff can pursue a *Monell* claim against an arm of a state. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Mukaida v. Hawaii*, 159 F. Supp. 2d 1211, 1227 (D. Haw. 2001), *aff'd*, 85 Fed. Appx. 631 (9th Cir. 2004) ("A suit against a state official in that person's official capacity is the same as an action against a state."). "*Monell* claims are only cognizable against municipalities or local governments, not state entities or officials." *Smithson v. Hammond*, 2023 WL 7110554, at \*12 (W.D. Wash. 2023). Thus, Count IX is dismissed with prejudice as it is brought against Arizona, not a municipality or local government.

Accordingly,

**IT IS ORDERED** that Plaintiffs Baker and Pittsinger's Applications to Proceed in District Court Without Prepaying Fees or Costs (Docs. 2 & 3) are **GRANTED**.

**IT IS FURTHER ORDERED** that the following claims: § 1983 claim for "unreasonable investigation" (Count II); § 1983 claim for trespassory search (Count III); § 1983 claim for excessive force (Count IV); § 1983 claim for "exceeding scope" of a search warrant (Count V); § 1983 claim for "failure to provide warrant" (Count VI); § 1983 claim for malicious prosecution (Count VII); and *Monell* violations (Count IX) are **DISMISSED**. Plaintiffs may proceed with Counts I for judicial deception against Defendant Pelham and VIII for violations of the ADA against Defendants DPS and Glover.

**IT IS FURTHER ORDERED** that Matthew Turriff, Kyle Creager, John Gigous, Max Perea, and John Does 1–20 are **DISMISSED** as Defendants from this matter.

**IT IS FINALLY ORDERED** that Plaintiffs shall be responsible for the service of all necessary documents.

Dated this 14th day of May, 2026.

Honorable Diane J. Humetewa
United States District Judge